IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN McWILLIAMS,

    Petitioner,

v.                                                       Civil Action No. 5:18CV147
                                                                              (STAMP)
JENNIFER SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

## I. Procedural History

The pro se[1] petitioner, Kevin McWilliams ("McWilliams"), a federal inmate incarcerated at F.C.I. Gilmer in Glenville, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This Court entered an order to show cause why the petition should not be granted. ECF No. 12. The respondent filed a motion to dismiss the petition or, in the alternative, a motion for summary judgment. ECF No. 17. Petitioner then filed a response in opposition and memorandum. ECF No. 21. The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

that respondent's motion be granted and the petitioner's § 2241 petition be dismissed with prejudice. ECF No. 26. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file specific written objections within 14 days after being served with copies of the report. The petitioner filed objections. ECF No. 28.

II. Background

In his petition, petitioner asserts that his administrative appeal of a disciplinary hearing stemming from an altercation with another inmate was denied in error. For relief, the petitioner requests that this Court grant his petition, order his infraction for Code 201 expunged and reinstate his 27 days of good conduct time. ECF No. 1 at 8.

United States Magistrate Judge James P. Mazzone entered a report and recommendation. ECF No. 26. On review, the magistrate judge found that the petitioner was provided all the due process required of disciplinary proceedings. Id. at 8. First, the magistrate judge noted that the petitioner received written notice of the charges against him in the form of an incident report more than 24 hours before his disciplinary hearing. Id. Second, the magistrate judge noted that after the disciplinary hearing, petitioner was provided with a report of what occurred during the hearing, which included the evidence upon which the Disciplinary Hearing Officer ("DHO") had relied and the reasons for petitioner's

2

sanctions. Id. at 9. Third, the magistrate judge noted that petitioner was advised of his right to call witnesses and present documentary evidence at the disciplinary hearing but declined to present witnesses or documentary evidence. Id. Fourth, the magistrate judge noted that the petitioner was instructed of and asserted his right to a staff representative during the hearing. Id. Finally, the magistrate judge noted that petitioner was provided with an impartial fact finder during his disciplinary hearings because, in accordance with Bureau of Prisons ("BOP") regulations, the DHO was not a reporting official, investigating officer, Unit Disciplinary Committee ("UDC") member or witness and did not play a role in referring the charges. Id. The magistrate judge further considered that although petitioner's chosen staff representative reviewed the surveillance footage of the incident and confirmed petitioner's description of the events as they transpired, the DHO was not persuaded by petitioner's argument that he acted in self-defense. For these reasons, the magistrate judge determined that the DHO's decision is supported by "some evidence" and thus, the petitioner is not entitled to the relief he seeks.[2]

The petitioner filed timely objections. ECF No. 28. In his objections, petitioner enumerates three primary objections to the magistrate judge's report and recommendation. Although the

---

[2]The results of a prison disciplinary proceeding will be upheld so long as there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 455. (1985).

objections are separated and numbered, all of the petitioner's objections directly relate to his previous argument that he was acting in self-defense. Id. at 3. Specifically, the petitioner first claims that the staff representative prohibited petitioner from presenting a self-defense claim and that the staff representative did not inform the DHO that the petitioner had requested that DHO review surveillance footage of the incident independently. Id. at 2-3. Next, petitioner asserts that the magistrate judge failed to acknowledge the petitioner's right to defend himself. Id. at 3-4. Lastly, the petitioner again asserts that the petitioner only defended himself during the incident and only threw one punch. Id. at 4.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be

upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV. Discussion

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the denial of petitioner's administrative appeal. In this case, for substantially the reasons stated by the magistrate judge, this Court finds that the DHO found petitioner had committed the act of fighting with another person, in violation of Prohibited Act Code § 201. As the magistrate judge correctly stated, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidence" to support the decision, and there is adequate evidence in this case to support the disciplinary sanctions against the petitioner.

As to petitioner's objections regarding the specifics of his disciplinary hearing, on de novo review, this Court finds that petitioner was provided all the due process required of disciplinary proceedings. As stated by the magistrate judge, petitioner received written notice of the charges against him more than 24 hours before his disciplinary hearing and was provided with a report of what occurred during the hearing, which included the evidence upon which the DHO had relied and the reasons for petitioner's sanctions. Petitioner was also properly advised of his right to call witnesses and present documentary evidence at the

5

disciplinary hearing but declined to present witnesses or documentary evidence. Further, petitioner was instructed of and asserted his right to a staff representative during the hearing and was provided with an impartial fact finder during his disciplinary hearing.

As to petitioner's assertion that the magistrate judge failed to acknowledge the petitioner's right to defend himself, this Court finds that the magistrate judge appropriately considered petitioner's arguments with respect to this issue. In the report and recommendation, the magistrate judge specifically noted that "[t]he DHO considered Petitioner's defense that he was trying to avoid the fight and also considered the information provided by Counselor Slinger, Petitioner's staff representative, which indicated that he did initially try to avoid engaging in the fight." ECF No. 26 at 9. The magistrate judge further noted that the DHO "acknowledged that the other inmate was the aggressor but found that Petitioner still made the decision to become a participant by striking him back." Id. at 9-10. For these reasons, this Court finds that petitioner's objections fail and must be overruled. Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 26) is hereby AFFIRMED and ADOPTED

in its entirety. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 17) is GRANTED, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE, and the petitioner's objections (ECF No. 28) are OVERRULED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 28, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE